[8odmvc] [ORDER DENYING]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

In re:                                                                                              Case No. 9:10−bk−17269−ALP
                                                                                                    Chapter 13
Adil Lagmiri
2502 Aviation Pkwy
Cape Coral, FL 33904


Lisa Rae Lagmiri
aka Lisa Lagmiri
2502 Aviation Pkwy
Cape Coral, FL 33904


_____Debtor*_____/


ORDER DENYING MOTION TO VALUE COLLATERAL OF GTE FEDERAL CREDIT UNION

   THIS CASE came on, ex parte, to consider the entry of an appropriate order in the above−captioned case. The Court considered the record and finds that on December 1, 2010 the Debtor filed a Motion to Value Collateral concerning property held as security for an indebtedness by GTE Federal Credit Union pursuant to Section 506 of the Bankruptcy Code and that the motion represents a contested matter. The Court has considered the motion, together with the record, and finds that said motion is deficient as follows:

☐ The Motion has not been properly served upon the Trustee pursuant to Fed. R. Bankr. P. 9013.

☐ The Motion has not been properly served upon the registered agent of the corporation, or in the event the registered agent cannot be determined and located, upon an officer or director of the corporation pursuant to Fed. R. Bankr. P. 7004(b)(3).

☐ The Motion has not been properly served upon the civil process clerk at the office of the United States Attorney for the district, the Attorney General for the United States and the agency pursuant to Fed. R. Bankr. P. 7004(b)(4) and 7004(b)5.

☑ The Motion has not been properly served pursuant to Fed. R. Bankr. P. 7004(h) on the Insured Depository Institution by certified mail addressed to an officer of the institution.

☐ The Motion has not been properly served pursuant to Local Rule. 3012−1 and Local Rule. 3007−1(b)(1) upon the attorney for the claimant who filed a notice of appearance and request for notice pursuant to Fed. R. Bankr. P. 2002(g), .

☐ The Motion has not been properly served pursuant to Local Rule 3012−1 and Local Rule 3007−1(b)(2) upon the claimant, to the attention of the agent or representative of the claimant who executed the proof of claim, or to the claimant at all addresses given for the claimant in the proof of claim,

☐ The creditor does not have an allowed claim under 11 U.S.C. Section 506(a); no proof of claim has been filed by or on behalf of the creditor.

☐ Service of process is apparently not sufficient to meet the requirements of Fed. R. Bankr. P. 7004, in that the Court's Order Directing Response was returned as undeliverable.

☐ Service of process is apparently not sufficient to meet the requirements of Fed. R. Bankr. P. 7004, in that the

Court's Order Directing Response was returned as unidentifiable by the party listed in the motion as the registered agent.

☑ The basis of determination of the value was not set forth in the motion.

☐ The Motion did not contain a legal description of the property to be valued.

☐ The Motion did not state a specific dollar amount of the secured claim filed as required for reporting purposes pursuant to 28 U.S.C. 159(c)(3)(F)(i)(I).

☐ The Motion combines requests for relief against multiple creditors in one document.

**Accordingly, it is**

**ORDERED** that the Motion to Value Collateral be, and the same hereby is, denied, without prejudice.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on December 7, 2010 .

_____
David H. Adams
United States Bankruptcy Judge

*All references to "Debtor" shall include and refer to both debtors in a case filed jointly by two individuals.